UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNIE WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:10CV356 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Donnie White's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, the motion will be denied.

**I.     Background**

On October 7, 2008, White pleaded guilty to Count I of a twenty-two count indictment. Count I charged White with conspiracy to distribute and possess with intent to distribute in excess of one kilogram of heroin and fentanyl in violation of 21 U.S.C. §§ 841 and 846. With respect to Count XXII of the indictment, White agreed to forfeit any ownership interest in real and personal property subject to forfeiture under 18 U.S.C. § 982(b)(1)(A) and 21 U.S.C. § 853(a).

During the plea negotiations, the Assistant United States Attorney proposed two offers. Both offers had a base offense level of thirty-two, a two level increase for possession of a firearm, and a three level reduction for acceptance of responsibility.

The first offer left it up to me to decide whether White should receive an aggravating role enhancement, making White's total offense level between thirty-one and thirty-five. The Assistant United States Attorney's second offer proposed that White receive a three level

aggravating role enhancement and the proposal contained a stipulated request for variance to a sentence of 151 months on the condition that White waive any appeal or collateral attack to the sentence, and that he could not argue for any other lower sentence. White accepted the first proposal made the Assistant United States Attorney.

As a result of these negotiations, White agreed that he was accountable for more than one kilogram but less than three kilograms of heroin, resulting in a base offense level of thirty-two. White agreed to a two level increase for possession of a firearm. The parties recommended a three level deduction for White's acceptance of responsibility. The parties disagreed as to whether White should receive an increase in the offense level for an aggravating role in the offense. The Assistant United States Attorney took the position that White should receive a four level increase for his role as the leader of the criminal activity. On the other hand, White argued that he should not receive any increase because he was not the leader. The parties agreed to present evidence on this issue at the sentencing hearing. Depending on my ruling, the plea agreement stated that White's base offence level would be between thirty-one and thirty-five.

In exchange for White's plea, the Assistant United States Attorney agreed to dismiss counts XVI, XVIII, and XXI of the indictment. (Plea Agreement at 2.) The Assistant United States Attorney also agreed not to bring any other prosecution against White arising from his possession of firearms or participation in a conspiracy to distribute and possess with the intent to distribute heroin and fentanyl from June 1, 2005 through July 19, 2007. Id. Both parties agreed not to appeal any non-sentencing issues, including any issues relating to the negotiation, the taking or acceptance of the guilty plea, or the factual basis for the plea. Id. at 5. Both parties also agreed not to appeal the sentence imposed provided that it was consistent with the

recommendations in the plea agreement. Id. However, White reserved the right to appeal my ruling on the issue of whether he is a leader or organizer of the charged criminal conduct and any sentence above the midpoint of the guideline range. Id. White waived his right to contest the conviction or sentence in any post-conviction proceeding, including one under 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Id. at 6.

During the plea hearing, I asked White a series of questions to determine whether he understood the terms of the agreement. White testified that he had read the agreement, discussed it with his attorney, and that no promises had been made to him that were not in the plea agreement. (Sentencing Tr. at 6) White also stated under oath that no one had threatened or forced him to plead guilty. Id. White stated that he was satisfied with his counsel's representation and that counsel had performed all tasks requested of him. Id.

The sentencing hearing took place on February 20, February 26, and March 4, 2009. I found that White was not a leader or organizer of the charged criminal conduct. However, I did find that he was a manager or supervisor, resulting in a three level increase, bringing his total offense level to thirty-four. I found that White had a criminal history of category II, resulting in a recommended sentencing of 168 to 210 months. On March 4, 2009, I sentenced White to 210 months of imprisonment followed by five years supervised release.

White appealed the sentence to the United States Court of Appeals for the Eighth Circuit on the grounds that I erred by applying the role enhancement and by not adequately considering the sentencing factors set forth in 18 U.S.C. § 3553(a). United States v. White, 347 F. App'x 262, 264 (8th Cir. 2009). The Court of Appeals affirmed White's sentence. Id.

On March 1, 2010, White filed the present motion to vacate, set aside, or correct sentence

under 28 U.S.C. § 2255.

**II. Grounds for Relief**

In his § 2255 motion, White alleges prosecutorial misconduct and ineffective assistance of counsel. Specifically, White alleges that:

(1) his decision to enter a guilty plea was the result of the prosecutor's coercive threat of bringing new gang related charges that were not part of the indictment or supported by evidence, therefore rendering the plea involuntary, in violation of substantive and procedural due process.

(2) counsel was ineffective at sentencing and on appeal for failing to "argue and actually prove" to the court that the aggravating role, if any, was under U.S.S.G. § 3B1.1(c), which would have resulted in a two level enhancement, instead of the three level enhancement White received under U.S.S.G. § 3B1.1(b).

(3) counsel failed to inform White that by pleading guilty under the signed agreement, if the Court found he was not a leader or organizer under § 3B1.1(a), he could still be found to be a supervisor or manager under § 3B1.1(b) or § 3B1.1(c).

(4) his plea was involuntary because the imposition of the aggravating role as a supervisor or manager was not part of the plea agreement.

**III. Analysis**

*A.    Ineffective Assistance of Counsel*

To establish a claim for ineffective assistance of counsel, White must prove that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, to establish that counsel's

performance was deficient, White must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In determining whether counsel's conduct was objectively reasonable, the court must keep in mind that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The court seeks to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id.

Second, White "must show that the deficient performance prejudiced the defense." Id. at 687. To establish the requisite degree of prejudice, White must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, this means the defendant must establish that "there is a reasonable probability that, but for counsel's errors, he would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). However, the court need not address whether counsel's performance was deficient if the defendant is unable to prove prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (1996).

For the reasons stated below, I find that White received constitutionally effective assistance of counsel, and, therefore, his § 2255 motion will be denied.

*i. Prosecution's Coercive Threat*

White's first claim is that his decision to plead guilty was a result of the prosecutor's coercive threat to bring new gang-related charges, therefore rendering the plea involuntary and in violation of substantive and procedural due process. A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. Machibroda v. United States,

368 U.S. 487, 492 (1962). A conviction based upon such a plea is open to collateral attack. Id.

In the present matter, I addressed the threat of the gang-related charges during White's plea hearing, and he indicated that he understood that part of the plea agreement included the Assistant United States Attorney's promise not to file any additional charges related to this issue. (Plea Hr'g Tr. at 11-12.) "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceed, the defendant's representations during the plea carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). White's own testimony is evidence that he knowingly and voluntarily entered the plea agreement. During the plea hearing, White repeatedly stated that he understood the terms of the plea agreement and chose to enter into it, directly refuting his claim that the agreement was not voluntary. When asked whether anyone had threatened or in any way forced him into pleading guilty, he answered no. (Plea Hr'g Tr. at 8.)

Later in the plea hearing, White did state that the Assistant United States Attorney's threat to bring gang related charges if he did not plead was "the only reason" he was pleading. Id. at 19. However, White had received notification on both May 9, 2008, and August 26, 2008, of the Assistant United States Attorney's position and had ample time to consider his options before his plea hearing on October 7, 2008.

Moreover, the Assistant United States Attorney's assertion that she would bring gang-related charges if White did not accept a plea arrangement was not a threat which unconstitutionally compelled White to accept a plea deal. See, United States v. Stenger, 605 F.3d 492, 498 (8th Cir. 2010) ("There is no due process violation when a defendant is openly

presented with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution.") (internal quotation marks and citations omitted).

Based on the record, White could have been subjected to gang-related charges. At the end of the sentencing hearing, I made a specific finding that the Desoto Street Hustlers existed as a gang and that White was a member. Because White committed drug trafficking activity while engaged in street gang activity, the enhanced penalty provisions of 18 U.S.C. § 521 would have been fully supported by the evidence. Based on this evidence, White was plainly subject to prosecution for gang related charges. White's decision to enter a guilty plea to avoid these additional potential charges did not make his decision involuntary. As a result, I find that the record establishes that White's plea was made knowingly and voluntarily.

*ii. Counsel's Failure to Correctly Argue the Aggravating Role Issue*

White argues that his counsel was ineffective at sentencing and on appeal for failing to argue that the aggravating level that should apply was defined by U.S.S.G. § 3B1.1(c), not § 3B1.1(b). White alleges that because his co-conspirator, Mr. Willie Nolden, admitted and pled to the role of manager or supervisor within the meaning of U.S.S.G. § 3B1.1(b), his counsel should have brought this matter to the Court's attention and argued that U.S.S.G. § 3B1.1(c), which prescribes only a two level enhancement instead of three levels, should have applied to White's case.

Section 3B1.1(c) applies "if the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b)." U.S. Sentencing Guidelines Manual § 3B1.1 (2011). Subsection (b) applies if the defendant was a manager or supervisor and the criminal activity involves five or more participants or was otherwise

extensive. Id. During the sentencing hearing, I found that the criminal activity involved five or more participants. Such a finding meant that subsection (c) automatically did not apply. As a result, an assertion by counsel that subsection (c) applied would have been without merit. Because counsel is not ineffective for failing to make a meritless argument, White's claim that his counsel was constitutionally ineffective for failing to challenge and appeal the application of § 3B1.1(b) is not supported by the record. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994)(counsel's failure to advance a meritless argument cannot constitute ineffective assistance).

*iii. Counsel's Failure to Inform White of the Possibility of Being Charged as a Manager or Supervisor*

White's third claim asserts that his counsel failed to inform him that he could be sentenced as a manager or supervisor is refuted by the record. White claims that if he had known he was potentially subject to this guideline enhancement for being a manager or supervisor, he would have accepted the Assistant United States Attorney's second proposed offer of the fixed sentence of 151 months. Both the plea agreement and plea hearing established that the total offense level would be *between* thirty-one and thirty-five, not *either* thirty-one *or* thirty-five, based on the Court's ruling on the aggravating role enhancement. The plea agreement noted that the Court would determine both whether there was an aggravating role and the nature of the aggravating role and that the total offense level could be anywhere between thirty-one and thirty-five.

During the plea hearing, I asked White a series of questions to determine whether he understood the terms of the plea agreement. White indicated that he had reviewed the plea

agreement with his lawyer, that his lawyer answered all of his questions, he understood the document, read, and signed it. (Plea Hr'g Tr. at 9.) White indicated that he understood that I was not required to follow the recommendations in the plea agreement and that he had agreed not to appeal if the sentence was within the guidelines except with respect to him being a leader or a sentence at the high end of the guideline range. Id. at 13. I specifically asked White whether he understood that his total offense level could be anywhere from a thirty-one to a thirty-five, depending on how I ruled on the aggravating role question, and he stated that he understood.

Furthermore, in counsel's letter to White dated January 9, 2009, Mr. Miller clearly stated that "my primary concern is that even if Judge Sippel finds that you are not a leader or organizer of the criminal activity and therefore not subject to the four point enhancement, he could still find that you were a manager or supervisor of the criminal activity and increase your total offense level by three points." (Resp. to Ct. Order Dated Aug. 24, 2010, Doc. # 6) The letter later stated that the final sentence is "up to the judge." Id. The letter provides clear evidence that counsel made White aware that he could receive a three point enhancement as opposed to a four level enhancement if I found that White was a manager or supervisor of the offense.

In order for a counsel's performance to be constitutionally ineffective, "it must be objectively unreasonable and result in actual prejudice." Forsyth v. Ault, 537 F.3d 887, 891 (8th Cir. 2008). "Prejudice exists only if there is a reasonable probability that the outcome would have been different had counsel's performance been adequate." Id. During White's plea hearing, he stated that he understood the terms of the agreement and that the total offense level would be between a thirty-one and thirty-five. (Plea Hr'g Tr. at 17.) Based on White's statements during the plea hearing that he understood the terms of the agreement, and the clear evidence that his

lawyer told him he could be found to be a manager or supervisor of the criminal activity, White cannot establish that his counsel was deficient in his representation regarding the manager enhancement.

As a result, I find that White's third claim of ineffective assistance of counsel fails to establish that he is entitled to habeas relief.

*iv. The Aggravating Role as a Supervisor or Manager was Not Part of the Plea Agreement*

White's fourth claim is closely related to claim three. White assert's that only the role as leader or organizer, and not the role as manager or supervisor, was part of the plea agreement. Again, this claim is refuted by the record which indicates that White's sentence would be based on an offense level between thirty-one and thirty-five. The three point increase for White's role as supervisor or manager makes the total offense level thirty-four, which falls withing the applicable guideline range contemplated by the plea agreement. As a result, this claim is also without merit.

B.  *An Evidentiary Hearing is Not Warranted*

White has filed a request for an evidentiary hearing. Generally, 28 U.S.C. § 2255 entitles movants to a hearing on the merits of their petition. See 28 U.S.C. § 2255. However, an evidentiary hearing need not be held if "the petitioners allegations, accepted as true, would not entitle the petitioner to relief, or the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). Because I find that White's claims can be conclusively

determined based upon the parties' filings and the records of the case, no evidentiary hearing is necessary.

**IV. Certificate of Appealability**

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could not resolve those issues differently, or the issues deserve further proceedings."). Based on the foregoing, I find that White did not provide a sufficient basis to conclude that his counsel was constitutionally ineffective. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** Donnie White's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

**IT IS FURTHER ORDERED that** the motion for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED that** this Court will not issue a certificate of appealability because White has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2013.